IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DORRELL and ) | |
| ANN DORRELL, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No. 11-CV-1115-WDS |
| ) | |
| COTTRELL, INC., AUTO HANDLING, ) | |
| CORPORATION, and NISSAN ) | |
| NORTH AMERICA, INC., ) | |
| ) | |
|    Defendants. ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to remand (Doc. 14). The Court previously stayed this action pending resolution of the motion to transfer to the Multidistrict Litigation Court. That transfer was denied (Doc. 30) and defendant has now filed a response to the motion for remand (Doc. 31). For purposes of review, the Court **LIFTS** the stay previously imposed.

#### BACKGROUND

Plaintiffs filed this action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, seeking recovery for injuries plaintiff John Dorrell allegedly suffered while performing his work duties as a car hauler for his employer, Jack Cooper Transport Company, Inc. (Cooper Transport). Plaintiff John Dorrell alleges that he was operating a rig believed to have been manufactured by defendant, Cottrell, Inc. John Dorrell seek recovery against the named defendants for strict liability, negligence and breach of implied warranty.

Defendants removed this action asserting that the state-law claims are actually

claims for breach of a labor contract under the Labor Management Relations Act of 1947 (LMRA) 29 U.S.C. § 141, et seq, and that plaintiffs' claims fall under an area governed by the Collective Bargaining Agreement (CBA) between plaintiff John Dorrell's union and Cooper Transport. Defendants assert, specifically, that the equipment Cooper Transport provided for its employees was defective. Apparently, the CBA did not require Cooper Transport provide its employees with equipment possessing safety characteristics, which, according to plaintiffs, the equipment should have possessed.

## DISCUSSION

In general, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The standard test for whether an action arises under federal law for purposes of "federal question" jurisdiction pursuant to Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. See *Bastien v. AT&T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). It is well settled that a state law claim is preempted and may be removed to federal court where a federal statute wholly displaces the state-law cause of action through complete pre-emption. Therefore, when there is complete pre-emption, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law and the claim is removable under 28 U.S.C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (footnote omitted). However, where a state law claim does not come within the scope of the federal cause of action, there is no complete preemption.

## ANALYSIS

In this case, the Court has reviewed the state law claims pled by the plaintiffs and FINDS that they are not completely preempted by § 301 of the LMRA, 29 U.S.C. § 185(a).

This section of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  Although a state law cause of action completely preempted by § 301 of the LMRA need not be for breach of contract, it must be "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). A claim is not completely preempted if it simply "relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement." Id. at 220.

In this case, despite defendant's claim to the contrary, the Court cannot find that Cottrell, which is not a party to the CBA, has any duties under the CBA.  As a non-party, Cottrell is not subject to any restrictions imposed by it in the manner in which it designs and manufactures equipment. Although Cottrell may claim that when it designs, manufactures and markets that equipment it *considers* the requirements or needs of companies which are bound by CBAs, it is also evident from the pleadings that the determination as to whether to purchase Cottrell equipment rested with plaintiff John Dorrell's employer.

The terms of the CBA between plaintiff's union and his employer do not control the issue presented, that is, whether Cottrell satisfied its state-law duty to produce a reasonably safe product. Plaintiffs' claim may relate to the CBA, but is not governed by that agreement. See *Allis-Chalmers*, 471 U.S. at 220. See also *Loss v. Blankenship*, 673 F.2d 942, 946 (7th Cir. 1982) (third persons who are non-parties to a CBA may not be sued under § 301). In short, John Dorrell's claim is not a cause of action for violation of a CBA and, consequently, is not is pre-empted by § 301, and therefore, this Court is without

3

subject matter jurisdiction to consider this cause of action.  Notably, plaintiff John Dorrell's employer, Cooper Transport is not a party to this litigation.

## CONCLUSION

Accordingly, the Court **FINDS** that it is without jurisdiction to consider this cause of action, and, remand is appropriate.  Therefore, the Court **GRANTS** plaintiff's motion to remand, and pursuant to 28 U.S.C. § 1447(c), **REMANDS** this action to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois for lack of subject matter jurisdiction.  Each party shall bear its own costs.  In light of the remand, the motion to Vacate (Doc. 15) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: 22 March, 2013**

                                                          **/s/ WILLIAM D. STIEHL**
                                                            **DISTRICT JUDGE**